JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDWARD HERNANDEZ, | Case No. 2:25-cv-07271-FLA (AGR) |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND** |
| v. | |
| COUNTY OF LOS ANGELES; CITY OF LOS ANGELES; JUDGE COHEN-LAURIE; and SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES, | |
| Defendants. | |

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed a civil rights complaint (the "Complaint", Dkt. 1) against the County of Los Angeles, the City of Los Angeles, the Superior Court of California, County of Los Angeles ("Superior Court"), and Superior Court Judge Cohen-Laurie.

The court screens the Complaint to determine whether it fails to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B), 1915A. For the reasons set forth below, the court dismisses the Complaint without leave to amend.

///

## LEGAL STANDARDS

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citations and internal quotation marks omitted).

The "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In sum, … the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

The court generally limits its review to the operative pleading. *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). However, materials that are the subject of judicial notice and materials "submitted as part of the complaint" are not "outside" the complaint and may be considered. *Id.*; *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990).

A *pro se* complaint is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). Before dismissing a *pro se* civil rights complaint, the plaintiff is given "notice of the deficiencies in his or her complaint" and provided "an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment." *Eldridge v. Block*, 832

F.2d 1132, 1135–36 (9th Cir. 1987); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (*en banc*).

## ALLEGATIONS OF COMPLAINT

Plaintiff alleges he is currently a pretrial detainee in an unidentified state court criminal action. Dkt. 1 ("Compl.") at 7.[1] Plaintiff further alleges that in an earlier, different state court criminal case, styled *People v. Hernandez*, Case No. 3PB01415, in which he admitted to a felony violation of his post-release community supervision pursuant to an agreement with the prosecutor, Superior Court Judge Cohen-Laurie violated Plaintiff's constitutional rights on June 21, 2023, by failing to calculate correctly both pre-conviction custody credits, under Cal. Penal Code § 2900.5, and conduct credits, under Cal. Penal Code § 4019. These errors allegedly resulted in Plaintiff's over-detention.[2] Compl. at 3, 5, 8, 9. Plaintiff alleges that, on July 12, 2023, he filed a motion for resentencing in Case No. 3PB01415. Plaintiff claims that, on July 31, 2023, Judge Cohen-Laurie granted his motion for resentencing and issued a release order, which led to his release from custody. Compl. at 11–14. Plaintiff contends he would have been released 44 days earlier with the proper credits. *Id.* at 22.

The Complaint alleges four federal claims under 42 U.S.C. § 1983 ("§ 1983") (Claims One, Four, Five, and Six) and two state law claims for violation of mandatory duties and negligence (Claims Two and Three). *Id.* at 16–19, 22. The Complaint seeks damages and punitive damages, jointly and severally against Judge Cohen-Laurie and the Superior Court, as well as such other relief as the court deems just and proper. *Id.* at 28–29.

---

[1] Because the Complaint is not consecutively paginated, the court cites page numbers assigned by CM/ECF in the header of the Complaint.

[2] According to Plaintiff, the sentence in Case No. 3PB01415 was supposed to run concurrently with the sentence in a different criminal case, Case No. 3WC00708. Compl. at 8.

# DISCUSSION

## A. Judicial Immunity

The Complaint names Superior Court Judge Cohen-Laurie as a defendant in his official and individual capacities. However, "state judges are absolutely immune from liability for their judicial acts." *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978). Judicial immunity applies to claims under § 1983 and state law claims. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*) (§ 1983); *Huffman v. Lindgren*, 81 F.4th 1016, 1019, 1022 (9th Cir. 2023) (related state law claims).

Judicial immunity is not lost even if a complaint alleges that the judge's actions were erroneous, malicious, or in bad faith. *Mireles*, 502 U.S. at 11 ("judicial immunity is not overcome by allegations of bad faith or malice"); *Stump*, 435 U.S. at 356 ("judge will not be deprived of immunity because the action he took was in error, done maliciously, or was in excess of his authority"). Allegations of conspiracy do not overcome judicial immunity. *Acres Bonusing, Inc. v. Marston*, 17 F.4th 901, 916 (9th Cir. 2021); *Ashelman v. Pope*, 793 F.2d 1072, 1077–78 (9th Cir. 1986).

Judicial immunity "is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. [Citations omitted.] Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11–12.

The Complaint does not allege any facts that overcome judicial immunity. Examining the second circumstance first, the Complaint alleges Judge Cohen-Laurie's actions occurred in the context of a criminal case pending before him. Thus, the Complaint does not and cannot allege actions in the complete absence of all jurisdiction.

///

As to the first circumstance, whether an act is taken in a judicial capacity "'relate[s] to the nature of the act itself, *i.e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i.e.*, whether they dealt with the judge in his judicial capacity.'" *Id.* at 12 (citation omitted). The Ninth Circuit has enumerated the following factors: "whether '(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.'" *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (citation omitted).

The factual allegations against Judge Cohen-Laurie in the Complaint challenge only actions taken in his judicial capacity – sentencing and calculation of custody/conduct credits in the criminal case pending before him. Judge Cohen-Laurie is entitled to judicial immunity even assuming his sentencing or credit decisions were erroneous. *Sadoski v. Mosely*, 435 F.3d 1076, 1079 (9th Cir. 2006) (holding judge who incorrectly extended term of incarceration beyond that authorized by law was entitled to judicial immunity).

Clearly, the Complaint challenges Judge Cohen-Laurie's sentencing decision and credit calculations in the criminal case before him. Because amendment would be futile, the claims against Judge Cohen-Laurie in his official and individual capacities are dismissed with prejudice and without leave to amend. *Huffman*, 81 F.4th at 1022 (affirming dismissal without leave to amend based on judicial immunity); *Lund*, 5 F.4th at 973 (same).

### B. Eleventh Amendment Immunity

To state a claim under § 1983, a plaintiff must allege: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Although Plaintiff purports to bring

some claims under the United States Constitution, a party "has no cause of action directly under the United States Constitution" and must bring such claims under § 1983. *Azul-Pacifico, Inc. v. Los Angeles*, 973 F.2d 704, 705 (9th Cir. 1992).

"[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). A suit against a state officer in his or her official capacity is "another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citations omitted). "Suits against state officials in their official capacity therefore should be treated as suits against the State." *Id.*

The Eleventh Amendment prohibits federal jurisdiction over claims against a State unless the State has consented to suit or Congress has abrogated its immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99–100 (1984). The State of California has not consented to be sued under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity. *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (citing *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 241 (1985) and *Kentucky v. Graham*, 473 U.S. 159, 169 n. 17 (1985)).

The Superior Court of California is a state entity entitled to Eleventh Amendment immunity. *Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003); *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) ("system of courts in California is a statewide system, established by the State Constitution and the statutes enacted by the Legislature pursuant thereto"); *Greater L.A. Council on Deafness v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) ("The official name of the court is the Superior Court of the State of California; its geographical location within any particular county cannot change the fact that the court derives its power from the State and is ultimately regulated by the State. Judges are appointed by California's governor, and their salaries are established and paid by the State. We conclude that a suit against the Superior Court is a suit

against the State, barred by the eleventh amendment."). "[S]tate court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Munoz v. Super. Ct.*, 91 F.4th 977, 981 (9th Cir. 2024).

The claims against the Superior Court and Judge Cohen-Laurie in his judicial capacity cannot be cured by amendment. Therefore, leave to amend would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (dismissal without leave to amend is proper where amendment would be futile); *Lopez*, 203 F.3d at 1129 ("district courts are only required to grant leave to amend if a complaint can possibly be saved").

### C. Remaining Defendants

The Complaint names as defendants the County of Los Angeles ("County") and City of Los Angeles ("City"). The Complaint does not contain any allegations against the County and City, other than the allegations against the Superior Court and Judge Cohen-Laurie, apparently in the mistaken belief that the Superior Court is a county or city entity. As discussed, the Superior Court is a state entity and there is no basis for liability on the part of the County or City for acts of the Superior Court or the sentencing decisions of Judge Cohen-Laurie. Plaintiff's claims, therefore, cannot be cured by amendment. *Cervantes*, 656 F.3d at 1041; *Lopez*, 203 F.3d at 1129.

## CONCLUSION

For the reasons set forth above, the Complaint, Dkt. 1, is DISMISSED in its entirety without leave to amend. The Clerk of court shall close the action administratively forthwith.

IT IS SO ORDERED.

Dated: December 8, 2025

FERNANDO L. AENLLE-ROCHA
United States District Judge

7